(No. 75-CV-0928 —

IN RE APPLICATION OF KATIE SHIVERS, Claimant, WILLIE COOPER, Deceased Victim.

*Opinion filed October 25, 1978.*

ROBERT FRANKENSTEIN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; BARBARA GILLERAN-JOHNSON, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on December 18, 1974. Katie Shivers, co-habitant of the deceased victim, Willie Cooper, and mother of his dependent children, seeks compensation pursuant to

the provisions of the, "Crime Victims Compensation Act," hereafter referred to as the Act, *(Ill. Rev. Stat., ch. 70, §71, et seq.)*.

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. The Claimant's deceased co-habitant, Willie Cooper, age 36, was a victim of a violent crime as defined in §72(c) of the Act, to wit: Murder *(Ill. Rev. Stat., Ch. 38, §9-1)*.

2. On December 18, 1974, the victim was shot during the course of an armed robbery of his gas station. The incident occurred at 2675 E. 75th Street, Chicago, Illinois. The victim was taken to South Shore Hospital where he was pronounced dead on arrival.

3. The Claimant seeks compensation for funeral expenses and for loss of support for her two children, Denardo Shivers Cooper, age 11; and Willie Rahsaan Cooper, born July 5, 1975.

4. The Claimant incurred funeral and burial expenses as a result of the victim's death in the amount of $2,600.00. However, according to §73(a) of the Act, a person is eligible for compensation for funeral expenses provided that he is related to the victim.

5. The Claimant, Katie Shivers, was not related to the deceased victim.

6. The Claimant's two minor children, children of the deceased, were totally dependent upon the victim for support.

7. That §74 of the Act states ". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

8. That prior to his death, the victim was self-employed and his average monthly earnings were $1,944.06.

9. That the victim was 36 years of age at the time of the crime. According to the U.S. Department of Health, Education, and Welfare, *Vital Statistics of the United States,* 1973, Life Tables, Volume II, his life expectancy would have been 71.4 years. The projected loss of earnings for 35.4 years is in excess of $10,000.00 which is the maximum amount compensable under §77(e) of the Act.

10. That §77(d) of the Act provides for a deduction of $200.00 plus the amount of benefits, payments or awards payable under the "Workmen's Compensation Act," *(Ill. Rev. Stat., Ch. 48, §138.1, et seq.),* from local governmental, State or Federal funds or from any other source except annuities, pension plans, Federal Social Security benefits and the net proceeds of the first $25,000.00 of life insurance paid or payable to the Claimant.

11. After making all the applicable deductions under the Act, the Claimant's children's loss is in excess of the $10,000.00 maximum award allowed in §77(e) of the Act.

12. That the Claimant, Katie Shivers is not entitled to an award for funeral expenses.

13. The Claimant's interest would be best served if the award hereunder would be paid to her pursuant to

the alternative provisions of §78 of the Act.

It is therefore, hereby ordered that the sum of $10,000.00 be and is hereby awarded to Katie Shivers, on behalf of Denardo and Willie Cooper, children of Willie Cooper, an innocent victim of a violent crime to be paid and disbursed to her as follows:

Twenty equal monthly payments of $500.00 each to be paid to Katie Shivers for the use and benefit of Denardo Shivers Cooper and Willie Rahsaan Cooper, minor children of the deceased victim, Willie Cooper.